Submitted on briefs February 1, affirmed February 21, rehearing
    denied March 27, motion to retax costs denied April 24, 1928.

SARAH A. CRIGER v. JOHN B. ROCHE ET AL.

(264 Pac. 361.)

**Exchange of Property—Party to Exchange Held Entitled to Rescind
    for Fraud and Misrepresentation.**

1. One receiving on an exchange apartment house furniture,
equipment and goodwill *held* entitled to rescind for fraudulent rep-
resentations of the other party, that the lease could be procured,
and that the furniture and equipment were in good condition,
inspection being prevented by such party's statements of condition
of property, and that he did not wish tenants to be disturbed for
purpose of inspection.

**Bills and Notes—Mortgages—Holder of Note and Mortgage, Given
    for Apartment House Furniture and Goodwill Held, Under
    Evidence, not Holder in Due Course.**

2. Holder of note and mortgage given for apartment house fur-
niture, equipment and goodwill *held*, under evidence, not a holder
in due course because of the fraud and misrepresentation of payee
as to condition of the property; payee being holder's employer, and
latter being cognizant of events in transaction.

Exchange of Property, 23 C. J., p. 240, n. 82.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

This is a suit to rescind a contract for the ex-
change of properties on the ground of fraud and mis-
representation. The cause was tried by the court and
a decree rendered in favor of plaintiff and against
the defendants John B. Roche, Lena P. Howe and
J. C. Kummer; and dismissing the complaint as to
defendants O. C. R. Ellis and Carolyn Ellis.

AFFIRMED.     REHEARING DENIED.

For appellant John B. Roche there was a brief
over the name of *Mr. W. N. Gatens.*

1. See 12 R. C. L. 375.

For appellants Lena P. Howe and J. C. Kummer there was a brief over the name of *Mr. L. B. Sandblast.*

For respondent Sarah A. Criger there was a brief over the names of *Mr. W. A. Carter, Mr. Franklin F. Korell* and *Mr. MacCormac Snow.*

BEAN, J.—On November 10, 1925, John B. Roche, acting together with defendants Lena P. Howe and J. C. Kummer, consummated a sale from J. B. Roche to plaintiff of the furniture, equipment and goodwill of the Diel Apartment house, located at 790 E. Ankeny Street, Portland, for $7,000, plaintiff paying Roche $500 and conveying to him her interest in lot 11, block 3, Terminus Addition to Albina in the City of Portland, county of Multnomah, Oregon, subject to a mortgage of $1,500 and a second mortgage for the sum of $1,100, in favor of Roche on lot 12, block 3, in said Terminus addition, plaintiff assuming a chattel mortgage on the contents of the apartment house for the sum of $3,294, payable in monthly installments of $94, including interest. Roche afterward conveyed lot 11 to defendant Ellis. That part of the decree is not appealed from and is not herein involved.

Plaintiff alleges that on or about the twenty-fourth day of October, 1925, defendants John B. Roche, Lena P. Howe and J. C. Kummer, whom we will hereafter designate as defendants, for the purpose of cheating and defrauding plaintiff of her property, wrongfully and unlawfully conspired and confederated together, and pursuant to their conspiracy falsely and fraudulently represented and induced her to be-

lieve that for the consideration and property above mentioned that John B. Roche would transfer and assign his lease of the Diel Apartments to plaintiff and execute and deliver to her a bill of sale of the furniture, furnishings and personal property situated in said apartments.

The lease, held by Roche, would not expire for twenty-three months from October 24, 1925, and was at a monthly rental of $250; that Roche would assign the lease to plaintiff; that the furniture, furnishings and personal property situated in the various apartments and rooms of the Diel Apartments were in a state of good repair and condition. The only indebtedness against the same consisted of the chattel mortgage mentioned.

Defendants advised plaintiff that they would be unable to obtain the lease for her inspection until after the exchange of the properties and did not want her to examine the furniture, furnishings and personal property in the several apartments for fear of disturbing the various occupants; that she could accept and rely upon their statements and representations as to the provisions of the lease and the title and conditions of the furniture and personal property; that in reliance upon the information, advice and representations of defendants plaintiff made the exchange without examining all the apartments but only three or four thereof, and did not inspect the contents of the apartments. Plaintiff requested an opportunity to make such inspection but was prevented from doing so by defendants. That each of the statements and representations made by defendants were knowingly false and untrue, which was unknown to plaintiff.

That the lease held by Roche of the Diel Apartments contained a covenant that the same could not

be transferred or assigned or the premises sublet by said defendant without the written consent of the lessor; that the lessor refuses to consent to the transfer and assignment of the lease to plaintiff; that the furniture, furnishings and personal property situated in the several apartments were old, used, badly run down and in a very dilapidated condition; that a considerable portion of the same was not owned by the defendant Roche, but belonged to the several occupants of the apartment which was known to each of the defendants.

The answer of defendants denied the fraud and misrepresentation and puts in issue the material allegations of the complaint as to the fraudulent representations, and further alleges, in effect, that defendant L. P. Howe on the 9th of December, 1925, purchased from the defendant J. B. Roche, the mortgage for the sum of $1,100 upon said lot 12, for the sum of $831.04, and an assignment thereof and of the note secured thereby was made by Roche to defendant Lena P. Howe; that she made said purchase and paid said sum and received said assignment in good faith and without any knowledge or information concerning any of the statements or representations alleged in the complaint, or any claim or demand of plaintiff, and that defendant Lena P. Howe is now the owner and holder of said note and mortgage in good faith and for value. It is also further alleged that plaintiff agreed with Roche to give Roche about ninety days from about October 24, 1925, to secure the consent of the lessors to an assignment of the lease.

It appears from the testimony that J. C. Kummer and Lena P. Howe, defendants, were employed by the defendant Roche and also by plaintiff to assist in

making the deal; that they were familiar with the apartment house and its contents and made an inventory of the personal property therein, and assisted in making the deal. That Lena P. Howe knew all about the transaction; that plaintiff practically received no value for her property and money paid or secured; that the furniture, furnishings and cooking utensils were old and worn out and unfit for the use for which they were designed and without the lease were of no value. That the defendant Roche did not transfer the lease and could not transfer the same to the plaintiff at any time.

1, 2. The testimony strongly supports the allegations of the complaint and shows that the plaintiff was entitled to rescind the contract; that the defendant Lena P. Howe was not a holder in due course of the note and mortgage, or holder thereof in good faith for a valuable consideration, or without notice of the defect in the title thereto of Roche.

The decree of the lower court was eminently fair and correct and supported by the testimony and is affirmed.

AFFIRMED.    REHEARING DENIED.    MOTION TO RETAX COSTS DENIED.

ROSSMAN, J., took no part in the consideration of this case.